# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MAINE

```
*******************************************
In re:                                    *
                                          *
Jason C. Rines                            *    Chapter 7
                                          *    Case No. 11-20589
                                          *
     Debtor                               *
*******************************************
                                          *
Dawnmarie Greenman                        *
                                          *
                                          *    Adversary No. 12-2001
     Plaintiff                            *
                                          *
v.                                        *
                                          *
                                          *
Jason C. Rines                            *
                                          *
                                          *
     Defendant                            *
*******************************************
```

## DECISION AND ORDER

    The Plaintiff, Dawmarie Greenman, brought suit seeking a determination that Jason C. Rines should not receive his Chapter 7 discharge or, alternatively, that the debt he owes to her is excepted from discharge under § 523(a)(2),(4) or (6).   For the reasons set forth below, I conclude that the debt is excepted from discharge.

    At trial, which convened this date, the parties agreed that I may base my decision on all of the documents that they have submitted to date.   Among those documents is the judgment of the Superior Court for Stafford County for New Hampshire, dated October 19, 2011.   That judgment awards Ms. Greenman $30,000 in damages after having found her allegations of sexual harassment, unlawful discrimination, a hostile work environment, and retaliation credible and concluding that they were proved by a preponderance of the evidence.   Although styled as a

final judgment based upon the court's previous entry of default, the papers before me confirm that the judgment was entered after extensive pre-trial proceedings in which Mr. Rines participated.   The judgment indicates that Mr. Rines did not object to its entry and, before me, he conceded that the judgment exists.

Although Ms. Greenman has not made out a case under § 727 to bar Mr. Rines' discharge, and although she has not proved an exception to discharge under § 523(a)(2) or (4), she has established the non-dischargeability of her debt pursuant to § 523(a)(6) as based upon a willful and malicious injury to person or property. The sexual harassment, unlawful discrimination, hostile work environment, and retaliation found by the New Hampshire court plainly satisfy the elements of § 523(a)(6). See Printy v Dean Witter Reynolds, Inc., 110 F. 3D 853 (1st Car. 1997).

It is, therefore, ORDERED that the debtor's debt to Ms. Greenman, evidenced by the judgment of the New Hampshire Court shall be, and hereby is, excepted from the debtor's Chapter 7 discharge.

This order constitutes a final judgment and, although this court will not retain jurisdiction over its collection, collection may be pursued in any State or Federal Court of competent jurisdiction.

DATED  July 30, 2012

/s/ James B. Haines, Jr.

James B. Haines, Jr.
U.S. Bankruptcy Judge